THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANCIS MERRILL, as Executor, and Another, as Administrator with the Will Annexed, etc., of ANGIE M. BOOTH, Deceased, Relators, *v.* JOHN F. GILCHRIST and Others, Constituting the State Tax Commission, Respondents.

Third Department, May 6, 1925.

**Taxation — income tax — deduction for expenses in carrying on business — money paid for services in investing and reinvesting funds and in representing taxpayer on board of directors not deductible — taxpayer was not engaged in carrying on business under Tax Law, § 360, subd. 1.**

An income taxpayer is not engaged in carrying on a business within subdivision 1 of section 360 of the Tax Law which authorizes the deduction from gross income of all ordinary and necessary expenses paid in carrying on any trade or business, where it appears that the claim that she was engaged in business is supported only by evidence that she was investing and reinvesting her funds.

Accordingly, the amounts which she paid to different agents for investing and reinvesting her funds and to represent her on a board of directors of a corporation in which she was financially interested are not deductible from her gross income.

CERTIORARI issued out of the Supreme Court (after taking effect of the Civil Practice Act) and attested on the 18th day of November, 1924, directed to John F. Gilchrist and others, constituting the State Tax Commission, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had in increasing the personal income taxes of Angie M. Booth for the years 1919, 1920 and 1921.

*Frederick J. Moses* and *O'Brien, Malevinsky & Driscoll* [*Frederick J. Moses* and *Arthur F. Driscoll* of counsel], for the relators.

*Albert Ottinger, Attorney-General* [*Henry S. Manley, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, J.:

In the year 1909 Angie M. Booth, through the death of her husband, Henry P. Booth, came into the title and possession of an estate valued at $10,000,000. Her husband had been actively engaged in the steamship business. He was president of the New York and Cuba Mail Steamship Company, known as the "Ward Line," and of the Atlantic Gulf and West Indies Steamship Lines. The stocks and bonds of these and other steamship companies constituted one-half of the estate to which his wife became entitled. Angie M. Booth was seventy years of age at the time of her husband's death. She was totally inexperienced in business. She lived until the year 1922. Meanwhile she employed various men to watch her interests, to advise her and invest moneys for her. The expense of their employment, in each of the years 1919, 1920 and 1921, exceeded $80,000. The question now presented is whether or not these expenses were deductible from the gross income of Angie M. Booth to determine her taxable net income for the years named.

The Tax Law provides that to determine taxable net income there may be deducted, among other items, the following: " All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered * * *." (§ 360, subd. 1, added by Laws of 1919, chap. 627, as amd. by Laws of 1921, chap. 477.) It will be noted that it is not the expense of a single business act which is made deductible by the subdivision. It is the expense of " carrying on " a " business." The business intended, therefore, is one involving a series of transactions, correlated by some common, consistent purpose. It must be continuous. . It must have unity. It must, in a sense, be a thing distinct from its owner, as if a separate entity, complete in itself. Thus, a capitalist, who, upon one occasion, buys an office building, and, upon another distinct occasion, buys a railroad, cannot, by the performance of these two acts alone, be said to be " carrying on " a business. The distinction suggested finds recognition in other subdivisions of the same section. Thus subdivision 4 of said section 360 (as added by Laws of 1919, chap. 627) provides for deductions of " losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business," whereas subdivision 5 of said section 360 (added by Laws of 1919, chap. 627, as amd. by Laws of 1920, chap. 693) authorizes deductions of " losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction

entered into for profit, though not connected with the trade or business." A " transaction entered into for profit " then, may not be a transaction constituting a " trade or business." Section 181 of the Tax Law imposes a license tax, and section 182 imposes a franchise tax, upon foreign corporations " doing business in this State." Investment and refunding operations conducted by a foreign corporation in this State do not constitute " doing business." (*People ex rel. Manila, etc., Corp.* v. *Knapp*, 229 N. Y. 502.) In that case it was said that there must be " continued efforts in the pursuit of profit and gain " to constitute " doing business." If investing and reinvesting moneys do not involve " doing business," much less can they involve " carrying on any trade or business."

The stipulation of facts upon which this issue rests is wholly indefinite as to the acts performed by the agents of Angie M. Booth on account of whose services deductions are sought. Thus, it is said of one Rogers that Angie M. Booth " intrusted the investment, reinvestment and management of her financial and property interests " to him; that she transferred shares to him so that he might and did become a director in the steamship companies of which her husband was president. The business of running the steamship lines was the business of the steamship corporations. If Angie M. Booth chose to pay Rogers for his services as a director of various corporations she did not pay him for " carrying on any trade or business " conducted by herself. No more definite statements are made as to the activities of any other agent. These were employed to give her advice, to manage her finances, to invest and reinvest her moneys. What investments were made is not shown. It is not shown that they were productive of income. It is not shown that they were otherwise than sporadically made. We can find no fact asserted indicating that Angie M. Booth was engaged in " carrying on " any business, or was otherwise occupied than in spending a portion of her large income and in conserving the rest. We think that the relators are not entitled to the deductions claimed. The language of COCHRANE, J., in *People ex rel. Kernochan* v. *Wendell* (198 App. Div. 197) is persuasive of this conclusion.

The determination should be confirmed, with fifty dollars costs and disbursements.

Determination unanimously confirmed, with fifty dollars costs and disbursements.