THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD WHITNEY, Relator, *v.* M. FRANK LOUGHMAN and Others, as and Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, March 2, 1927.

Taxation — income tax — deductions — relator during years 1922–1924 was regularly connected with brokerage concern in New York city — relator who resides in New Jersey claims that during that time he was independently " doing business " as " trader " in securities in Wall Street and is entitled to deductions under Tax Law, § 351 and § 360, subd. 4 — record shows only small number of unrelated transactions during each year — relator was not " trader " within meaning of § 360, subd. 4, in relation to said independent business and is not entitled to deductions.

The relator, who is a resident of New Jersey but who has been a member of a bond brokerage concern in New York city since 1916, claims the right to deduct from his gross income, in order to fix his income tax, losses incurred and interest

paid in an independent and separate business, consisting of dealing in securities in Wall Street on his own account, in which he used his own funds. The facts in reference to said independent business show that during the year 1922 the relator made thirty-six transactions; during the year 1923, ninety-one transactions, and during the year 1924, eighty transactions. All of said independent business was conducted through relator's firm.

Said alleged independent business of the relator was not continuous nor permanent under the facts shown and he was not " doing business " as a " trader " in securities in Wall Street independently of his firm, and was not, therefore, entitled to make deductions under section 351 and section 360, subdivision 4, of the Tax Law, for losses incurred and interest paid in said alleged independent business.

CERTIORARI ORDER granted out of the Supreme Court on the 9th day of October, 1926, directed to M. Frank Loughman and others, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had in reference to an additional income tax assessment against the relator for the years 1922, 1923 and 1924.

*Wherry & Mygatt [Frederic E. Mygatt, William M. Wherry, Jr., and Thomas H. Wight* of counsel], for the relator.

*Albert Ottinger, Attorney-General [Henry S. Manley* of counsel], for the respondents.

VAN KIRK, Acting P. J. The question is whether the relator, a non-resident, was, in 1922, 1923 and 1924, " doing business " as a " trader " in securities in Wall Street and is thus entitled to deductions for losses incurred and for interest paid, in calculating his income tax. (Tax Law, §§ 351, 360, subd. 4.)

The relator is and has been a resident of New Jersey. Since 1912 he has been a member of the Stock Exchange and since 1916 a member of Richard Whitney & Co., a bond brokerage firm doing business in New York city. Entirely apart from his business and interest in the firm he claims to have done during the years in question an entirely separate business, namely, dealing in securities on his own account and using only funds of his own, or funds which he personally borrowed, in these transactions. In each of the years in question, counting his interest charges he has suffered a considerable loss in this separate business. The Tax Commission has denied him the right to a deduction for such loss.

The income tax is imposed by section 351 of the Tax Law (as added by Laws of 1919, chap. 627). In respect to non-residents it provides as follows: " A like tax is hereby imposed　*　*　* upon and with respect to the entire net income as herein defined, except as hereinafter provided,　*　*　* from every business, trade, profession or occupation carried on in this State by natural persons not residents of the State." Section 360 (added by Laws

of 1919, chap. 627, as amd. by Laws of 1921, chap. 477) permits deductions, in computing net income, of (Subd. 4) " Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business." This applies to both residents and non-residents. But subdivision 5 provides for deduction of " Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; but in the case of a taxpayer other than a resident of the State, only as to such transactions in real property or in tangible personal property having an actual situs within the State." This subdivision makes a distinction between a " trade or business " and an occasional transaction entered into for profit. Upon income from the latter a non-resident need not pay a tax and is not allowed deductions for losses or expenses incurred therein. In Webster's New International Dictionary we find the following definitions: Business is " constant employment; " " regular occupation; " " work; " " occupation or employment habitually engaged in, esp. for livelihood or gain." Trade is " business of any kind; " " dealing; " " any occupation or employment pursued as a calling; " " the business which a person has learned, and which he engages in, for procuring subsistence, or for profit." Occupation is " that which occupies, or engages, the time and attention; " " the principal business of one's life; " " vocation; " " employment; " " calling; " " trade." Profession is not involved.

The words used in the statute thus mean business, trade or occupation entered into for a livelihood or for profit and cover all grades or kinds of effort between " day labor " and " big business." If a non-resident comes into New York State regularly and substantially occupies his time in any one of these kinds of effort to gain a livelihood or profit, he carries on a trade or business within the meaning of the Tax Law. That such a one has another or more important business is not decisive. A man may have two or more kinds of regular trade or business. Without attempting an exclusive rule we think in this case continued, systematic occupation with regularity is the distinguishing element. A man may enter into transactions for profit and yet not be engaged in a trade or business. If such transactions are separate one from another, not regular and continuous, they do not constitute trade or business; this is recognized in subdivision 5 above quoted. But, if one pursues such undertakings constantly as one relying on his profits therefrom for his income or part thereof, we think he would be carrying on a business or occupation within the meaning of the statute. The financial papers frequently mention " traders " as

a class.  We understand there are many who trade regularly and constantly in securities on their own account and who make it their business to trade as another makes it his business to run his mill, shop or mercantile establishment.  Such we think are carrying on a business or occupation.  To come within this description one need not be so occupied for the entire year, but there must be permanency and continuity.  (*People ex rel. Merrill v. Gilchrist*, 212 App. Div. 763; *People ex rel. Manila, etc., Corp.* v. *Knapp*, 229 N. Y. 502.)

The record here is not the most satisfactory.  The aggregate amount involved in relator's transactions in a year gives little information as to the continuity or regularity of his transactions.  His daily or frequent trips to New York have little significance because he was all the time engaged in the business of the brokerage firm.  But we get some information from the number of the transactions set forth.  The record shows the number of transactions he has made in each year; also that, however many transactions he made in one stock in one day, he has counted these as one transaction.  But, if he has traded in ten different stocks or bonds in one day, he has counted these as ten transactions.  Whether he counted a purchase and sale of one stock as one transaction or two, we do not know.  In 1922 he made thirty-six transactions.  However many purchases and sales this involves it means that on but thirty-six days of the year he made transactions; that is, one-tenth of the days of the year.  There is no further identification of time occupied.  In 1923 he made ninety-one transactions, one-fourth of the days of that year.  In 1924 he made eighty transactions.  In each year these several transactions were scattered through the year and were not conducted continuously during any extended periods of time.  We do not think these transactions in any year show the continuity which gives them the character or form of a business or occupation.  They rather appear as infrequent, separate undertakings entered into for profit.  They are such transactions as undoubtedly many business men of means practice from time to time without thought that in so doing they are carrying on a business or occupation; they are rather turnings aside, diversions or " flings " outside of regular business.

The relator says that he puts his personal transactions through his firm.  He has no office separate from the suite occupied by the firm.  From his room in the suite he conducts firm business.  He says he pays rent, but in his tax return he claims no deduction therefor as an expense; nor does he claim a deduction for clerk

3

First Department, March, 1927.                [Vol. 220

hire or commissions paid. His transactions are purchases and sales only; he states the total amounts paid " on purchases " and the total amounts received " on sales." Apparently he made no " short " transactions. Whether he borrowed through a margin account with his firm or secured loans direct to himself is not clear.

The relator is not shown to be a " trader " who gives his time and attention thereto systematically and regularly for any considerable periods of time.

The determination should be confirmed, with costs.

HINMAN, MCCANN, DAVIS and WHITMYER, JJ., concur.

Determination confirmed, with fifty dollars costs and disbursements.