Laurie J. Carpenter, Appellant, v. State of New York, Respondent. (Claim No. 28296.) — Motion for leave to appeal to the Court of Appeals denied, without costs. Present — Hill, P. J., Heffernan, Brewster, Russell and Deyo, JJ. [See *ante*, p. 989.]

The People of the State of New York ex rel. Herman L. Johnson et al., Relators, against Rollin Browne et al., Constituting the Tax Commission of the State of New York, Respondents.— Review under article 78 of the Civil Practice Act of respondents' determination which affirmed an additional income tax assessment against relators for the year 1940. The assessment was occasioned by respondents' disallowance of a deduction from income of a loss sustained by relators upon the sale of their farm in Pennsylvania which, since 1934, they had rented to a tenant for stipulated rentals. Relators were not otherwise engaged in farming, in real estate transactions, or with the farm they owned and sold beyond such acts as were appropriate to safeguard their ownership. The relators were not engaged in business merely because of their ownership and rental of the farm. (*People ex rel. Nauss* v. *Graves*, 283 N. Y. 383; *People ex rel. Voelkel* v. *Browne*, 268 App. Div. 596, affd. 294 N. Y. 834; *People ex rel. Whitney* v. *Loughman*, 220 App. Div. 30; *People ex rel. Merrill* v. *Gilchrist*, 212 App. Div. 763; *People ex rel. Kernochan* v. *Wendell*, 198 App. Div. 197, affd. 232 N. Y. 551.) Respondents correctly determined that the property was a capital asset, and the loss sustained on its sale was a capital loss. Determination unanimously confirmed, with costs to respondents. Present — Hill, P. J., Brewster, Foster, Russell and Deyo, JJ.

Laurence C. Bloomer, Appellant, v. New York Telephone Company, Respondent.— Plaintiff appeals from a judgment dismissing his complaint in a negligence action, entered upon the verdict of a jury after a trial in the County Court of Schenectady County, and from an order denying a motion for a new trial. Plaintiff claimed that his automobile left the highway because it became entangled with a telephone wire which the defendant carelessly permitted to remain loose and dangling in the highway. The jury could find from the evidence however that plaintiff's car left the highway before it came in contact with the wire, and that it was the collision between his car and a telephone pole that caused the wire to break. The doctrine of *res ipsa loquitur* was not applicable, since the jury evidently resolved the disputed fact of causal relation in favor of the defendant, and in any event the claim of its application was not seasonably raised. The report of the accident, assuming it to have been erroneously received in evidence, was not sufficiently prejudicial to require a reversal. There was nothing in it contradictory to conceded facts. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Brewster, Foster, Russell and Deyo, JJ.